**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MR. BRIAN K. THOMPSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 12-1479** |
| | : | |
| **MR. DAVID A. VARANO, THE DISTRICT ATTORNEY OF THE COUNTY OF CHESTER and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA** | : | |

**MEMORANDUM OPINION**

**Savage, J.** **December 22, 2016**

More than three and a half years after his habeas petition was denied, petitioner Brian K. Thompson, a state prisoner, filed a *pro se* motion under Federal Rules of Civil Procedure 60(b) and 60(d). Despite the Third Circuit's ruling that his claim that the prosecutor had not disclosed that a Commonwealth witness was facing criminal charges is "neither new nor demonstrates Petitioner's innocence," Thompson still insists that prosecutors committed fraud in federal habeas proceedings. Specifically, he contends that, in responding to his petition, they allegedly misrepresented that the prosecutor had withheld the witness's criminal history from the defense. The respondents characterize Thompson's motion as another successive habeas petition.

Although Thompson's Rule 60 motion, on its face, appears to challenge the integrity of the federal habeas process, it actually seeks to relitigate his *Brady* claims. Consequently, it is a successive habeas petition under AEDPA.[1] Even if it were not an impermissible second or successive petition, the motion is meritless. Therefore, we

[1] Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241 *et seq.*

shall deny his motion.

## Procedural History

### *State Court Proceedings*

On March 9, 2006, Thompson was convicted of first-degree murder and possessing an instrument of the crime in the Court of Common Pleas, Chester County.[2] One week later, he was sentenced to life in prison.[3]

At trial, Thompson offered several possible defenses. He alternatively contended that he had accidentally tripped or otherwise accidentally triggered the gun, had accidentally fired the gun while playing with or cleaning it, and/or had diminished capacity from voluntary intoxication as a result of drinking beer and smoking marijuana with Richard Mack on the day of the murder. *Commonwealth v. Thompson*, No. 743 EDA 2006, slip op. at 2–3 (Pa. Super. Aug. 24, 2007) (quoting trial court opinion). Undermining one of Thompson's defenses, Mack testified that Thompson appeared sober. *Id.* at 14. Seeking to impeach Mack, Thompson's counsel insinuated that Mack had violated his parole by drinking on the day of the murder. *Id.* Mack denied he was on parole. *Id.* at 14–15. Thompson's counsel then produced proof that Mack was on parole on the day of the murder. *Id.* at 15. The prosecutor then stipulated that Mack was on parole. *Id.* at 16. The trial court instructed the jury to consider, in assessing Mack's credibility as a witness, the inconsistency between his testimony denying that he was on parole at the time and the fact that he was on parole. *Id.*

On direct appeal to the Superior Court, Thompson argued that the prosecutor

[2] Resp. of the District Att'y of Chester County to Rule 60 Mot. (Doc. No. 35) at 1; R. & R. (Doc. No. 7) at 3.

[3] R. & R. at 3.

had committed a *Brady* violation when he failed to disclose evidence that Mack was on parole at the time of the murder. *Id.* at 17. The Superior Court rejected Thompson's *Brady* claim, concluding that Thompson suffered no prejudice because the prosecutor stipulated that Mack was on parole and the jury was instructed to consider Mack's contrary testimony in assessing his credibility. *Id.* The Superior Court affirmed Thompson's conviction. *Id.* at 22.

On January 27, 2009, Thompson filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq. Commonwealth v. Thompson*, No. 2562 EDA 2010, slip op. at 2 (Pa. Super. Aug. 23, 2011). After two hearings, the PCRA court denied the petition on August 24, 2010. *Id.* The Superior Court affirmed. *Id.*

*Federal Court Proceedings*

On March 14, 2012, Thompson filed a *pro se* federal habeas petition. Among his grounds for relief was a claim that the District Attorney committed a *Brady* violation by failing to disclose evidence of Mack's parolee status.[4] Agreeing with the magistrate judge's finding that the prosecution had not withheld evidence of Mack's parolee status from Thompson, we adopted her conclusion that there had been no *Brady* violation. On August 28, 2012, we dismissed Thompson's petition.[5]

On June 22, 2015, almost three years later, Thompson filed an application with the Third Circuit for leave to file a successive habeas petition.[6] Thompson based his

[4] *Id.* at 3 & n.4. Thompson also raised two due process claims and a claim for ineffective assistance of counsel. *Id.* at 3–4.

[5] Order (Doc. No. 21).

[6] Application for Leave to File Second or Successive Petition pursuant to 28 U.S.C. Section 2244(b), *In re* Brian Thompson (3d Cir. July 21, 2015) (No. 15-2522).

application on new evidence discovered in a July 26, 2012 *Chester County Daily Local* newspaper article that revealed Mack was also facing open pending charges in 2006, the year he testified at Thompson's trial.[7] On July 21, 2015, the Third Circuit denied Thompson leave to file a successive habeas petition, noting "[i]n particular, the alleged evidence that a witness who testified against Petitioner was facing criminal charges at the time of Petitioner's trial is neither new nor demonstrates Petitioner's innocence."[8]

On February 29, 2016, Thompson filed his motion under Federal Rules of Civil Procedure 60(b) and 60(d) for relief from the order dismissing his initial federal habeas petition.[9] He argues that, in responding to his habeas petition, the District Attorney misrepresented facts when he stated that "there is no evidence whatsoever indicating that the prosecuting attorney ever withheld any information regarding Mr. Mack's criminal history."[10] Thompson contends that the July 2012 *Chester County Daily Local* article proves the response was untrue. So, he argues, the misleading response affected the integrity of his federal habeas proceedings.[11] First, Thompson argues that the District Attorney's representation perpetrated "fraud, misrepresentations and misconduct" on the federal court, under Rule 60(b)(3), and prevented him from fully and fairly presenting his case.[12] Thompson, assuming we were deceived by the District

[7] *Id.* at ECF 6; *see also id.* at ECF 115. The article did not state that Mack had open criminal charges at the time of Thompson's trial. Instead, it referred to Mack having been convicted of drug charges "most recently in 2006."

[8] Order (Doc. No. 32).

[9] Independent Action to Obtain Relief from J. or Order Pursuant to Rule 60(b) & 60(d) of the Fed. R. Civ. P. (Doc. No. 33) ("Rule 60 Mot.").

[10] *Id.* at 9 (quoting Answer of the District Att'y of Chester County to Pet. for Writ of Habeas Corpus (Doc. No. 5) at 18).

[11] *Id.* at 11.

[12] *Id.* at 23.

Attorney's representation, asks us to grant relief from his federal habeas proceedings in the interest of justice under Rule 60(b)(6).[13] Finally, Thompson urges us to entertain an independent action for fraud under Rule 60(d).[14]

**Analysis**

*Rules 60(b) and 60(d)*

Federal Rule of Civil Procedure 60(b) allows a district court to grant a petitioner relief from judgment based on several grounds. Thompson relies on two grounds. He asserts fraud, misconduct, or misrepresentation by an opposing party, under Rule 60(b)(3); and "any other reason that justifies relief," under Rule 60(b)(6), the catch-all provision.

Rule 60 may not be used to relitigate the movant's underlying conviction after his habeas petition attacking the same conviction has been denied. Like a Rule 60(b) motion, one brought under Rule 60(d) may not be used as a substitute for appeal. *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999); *Fox v. Brewer,* 620 F.2d 177, 180 (8th Cir. 1980) (citations omitted).

*AEDPA*

Under AEDPA's "second or successive petition" rule, a prisoner is not permitted to file a habeas petition after his previously filed habeas petition attacking the same conviction was decided on the merits. 28 U.S.C. § 2244(b)(1).[15] If the petitioner makes a new claim in a second or successive petition, he must first receive permission to file

[13] *Id.* at 19, 32.

[14] *Id.* at 20, 33.

[15] Section 2244(b)(1) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

the petition from the court of appeals. Absent such authorization, the district court lacks jurisdiction over the matter and is not permitted to consider the merits of the subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005); *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002).

What is a "second or successive" habeas petition is not defined by AEDPA. The Supreme Court has interpreted it as a filing, whether labeled a habeas petition or a Rule 60 motion, that makes a claim on the merits attacking the same conviction and/or sentence that was challenged in a previous petition. *Gonzalez*, 545 U.S. at 532, 538. A motion for relief from judgment that does not assert or reassert claims of error in the movant's state-court conviction, but challenges only the district court's failure to reach the merits of a prior habeas petition is not a second or successive habeas petition. *Id.* at 538; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

A petitioner cannot circumvent the "second or successive" petition bar by presenting new claims for relief that couch his petition in the language of a Rule 60(b) motion. The *Gonzalez* Court characterized such a maneuver as an impermissible effort to bypass AEDPA's requirement that new claims be dismissed unless they are based on "newly discovered facts" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzalez*, 545 U.S. at 531–32 (citing 28 U.S.C. § 2244(b)(2)); *see also Blystone v. Horn*, 664 F.3d 397, 411 (3d Cir. 2011).

In contrast, a filing that does not challenge the substance of a federal court's resolution of a claim on the merits, but attacks a defect in the integrity of the federal habeas proceeding, is not a "claim" for purposes of Section 2244(b). *Gonzalez*, 545

U.S. at 532 & nn.4–5. In other words, a habeas petition presents a substantive challenge whereas a Rule 60 motion is a procedural attack. Consequently, when no habeas "claim" is presented, there is no basis to deem a later filing "second or successive" under § 2244(b). *Id.* at 533. In short, in *Gonzalez*, the Supreme Court drew a distinction between a substantive challenge and a procedural one.

When a motion is filed in a habeas case under a Rule 60(b) or 60(d) label, the district court must initially determine whether the motion is actually a "second or successive" habeas petition within the meaning of § 2244(b). *Id*. at 530; *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *Sharpe v. United States,* Crim. No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010). If it is not a "second or successive" petition, no authorization from the court of appeals is required. Thus, we must determine whether Thompson's motion is a true Rule 60 motion or, as the respondents contend, an impermissible successive habeas petition.

Thompson's *Brady* claim based on witness Mack's parolee status was raised in his initial federal habeas petition. The issue was decided against him on the merits. It cannot be relitigated in a Rule 60(b) motion.

Thompson frames his motion as a challenge to the integrity of the federal habeas proceedings. He argues that despite the existence of Mack's open criminal charges at the time of trial, the District Attorney misrepresented that the prosecuting attorney did not withhold any information about Mack's criminal history. He claims we relied on the misrepresentation in dismissing his habeas petition.

In his habeas petition, Thompson complained only of the prosecutor's failure to disclose that Mack was on parole. His claim was dismissed. He now contends that the

prosecutor withheld information that Mack was facing criminal charges when he testified against him at trial. This is a new claim. To get around the AEDPA time limitation, he argues that this information was newly discovered when he read a 2012 news article.

Thompson cannot circumvent the "second or successive habeas petition" rules by claiming newly discovered evidence. The Third Circuit has already precluded him from doing so, concluding that evidence of Mack's open criminal charges is "neither new nor demonstrates Petitioner's innocence."[16]

Nor can he use Rule 60(b)(3) to reassert the claim the Third Circuit decided he could not. He did not raise the issue of the prosecutor's failure to disclose pending charges against Mack in his habeas petition. He only claimed a failure to disclose Mack's parole status. Consequently, we only considered the parole status issue. Thus, when we denied habeas relief, we could not have been misled by the District Attorney's response that the prosecutor had not withheld information regarding any open charges.

In any event, there were no misrepresentations. There were no pending criminal charges against Mack when he testified against Thompson. Therefore, even if we considered Thompson's motion on the merits, he could not prevail.

Thompson repeatedly characterizes Mack's open criminal charges as "new evidence."[17] In *Gonzalez*, the Supreme Court identified a Rule 60(b) motion seeking "leave to present 'newly discovered evidence' in support of a claim previously denied" as a successive habeas petition. *Gonzalez*, 545 U.S. at 531 (citations omitted).

A Rule 60 motion for relief from a habeas judgment cannot circumvent AEDPA's

[16] Order (Doc. No. 32).

[17] Rule 60 Mot. at 1, 2, 9, 11, 22, 23, 27, 28, 38; Pet'r's Reply to Resp't's Resp. to Pet'r's Independent Action to Obtain Relief from J. or Order Pursuant to Fed. R. Civ. P. 60(b) & 60(d) (Doc. No. 38) at 2, 3, 8, 12, 13, 17.

second or successive petition rule. Here, Thompson is reasserting a federal basis for relief from a state court's judgment of conviction—an alleged *Brady* violation based on Mack's open criminal charges. Thus, Thompson's motion is a successive habeas petition subject to AEDPA.

Indeed, the Third Circuit already considered Mack's open criminal charges in 2006 in denying Thompson's application for leave to file a successive habeas petition. The court concluded that Mack's open charges are neither new evidence nor evidence of Thompson's actual innocence.[18] We cannot review the same issue under a Rule 60 motion that the court of appeals did not allow Thompson to assert in a successive habeas petition.

Even if Thompson could raise the issue about Mack's 2006 criminal charges as new evidence in a timely motion,[19] he could not prevail. The newspaper article upon which he relies, dated July 26, 2012, refers to a 2006 drug conviction. Of course, Thompson was justified in suspecting that Mack was facing pending charges at the time of his trial. However, his suspicions would have been dashed had he investigated the facts. He would have learned that Mack was not criminally charged until after his trial, which ended March 9, 2006. Mack was charged on March 13, 2006, four days later.[20] Thus, there were no outstanding criminal charges against Mack at the time of Thompson's trial.

---

[18] Order (Doc. No. 32).

[19] Because we cannot review Thompson's Rule 60 motion, we need not determine whether the motion is timely.

[20] Crim. Docket, Commonwealth v. Mack, No. CP-15-CR-0002848-2006 (Pa. Ct. Com. Pl. 2006).

## Conclusion

The Third Circuit has denied Thompson's motion for authorization to file a successive habeas petition. He cannot use Rule 60 to circumvent the Third Circuit's ruling. Therefore, we shall deny his motion under Rule 60.

/s/ Timothy J. Savage
TIMOTHY J. SAVAGE, J.